# U. S. District Court
# Western District of Arkansas (Fayetteville)
# CRIMINAL DOCKET FOR CASE #: 5:14−cr−50035−TLB All Defendants

Case title: USA v. Sholds                          Date Filed: 05/07/2014

Related Case: 5:17−cv−05202−TLB                    Date Terminated: 11/07/2014

Assigned to: Honorable Timothy L. Brooks

Appeals court case number: 14−3720 8th
Circuit Court of Appeals

**Defendant (1)**

**Scott Sholds**                 represented by   **Scott Sholds**
*TERMINATED: 11/07/2014*                          12253−010
                                                  TERRE HAUTE−USP
                                                  U.S. PENITENTIARY
                                                  Inmate Mail/Parcels
                                                  P.O. BOX 33
                                                  TERRE HAUTE, IN 47808
                                                  PRO SE

                                                  **John B. Schisler**
                                                  Federal Defender's Office
                                                  112 West Center St.
                                                  Suite 300
                                                  Fayetteville, AR 72701
                                                  479−442−2306
                                                  Fax: 479−443−1904
                                                  Email: jack_schisler@fd.org
                                                  *LEAD ATTORNEY*
                                                  *ATTORNEY TO BE NOTICED*
                                                  *Designation: Public Defender or Community*
                                                  *Defender Appointment*

                                                  **Patrick F. Flake**
                                                  Rush, Rush and DeLay
                                                  1713 South D St.
                                                  Fort Smith, AR 72901
                                                  (479) 785−4466
                                                  Fax: (479) 783−2745
                                                  Email: patrick.flake@yahoo.com
                                                  *TERMINATED: 04/29/2019*
                                                  *LEAD ATTORNEY*
                                                  *ATTORNEY TO BE NOTICED*
                                                  *Designation: CJA Appointment*

**Pending Counts**                                **Disposition**

| | |
|---|---|
| 18:2251(a)&(e)–SEXUAL EXPLOITATION OF A MINOR (1) | SENTENCED TO 360 MONTHS ON COUNT ONE (1); 360 MONTHS ON COUNT TWO (2) TO RUN CONSECUTIVELY TO COUNT ONE (1); 360 MONTHS ON COUNT THREE (3), OF WHICH 240 MONTHS WILL RUN CONSECUTIVELY TO COUNTS ONE (1) AND TWO (2) AND 120 MONTHS WILL RUN CONCURRENTLY; 360 MONTHS ON COUNT FOUR (4) TO RUN CONCURRENTLY WITH ALL OTHER TERMS; 25 YEARS SUPERVISED RELEASE CONCURRENTLY; $400.00 SPECIAL ASSESSMENT |
| 18:2251(a)&(e)–SEXUAL EXPLOITATION OF A MINOR (2) | SENTENCED TO 360 MONTHS ON COUNT ONE (1); 360 MONTHS ON COUNT TWO (2) TO RUN CONSECUTIVELY TO COUNT ONE (1); 360 MONTHS ON COUNT THREE (3), OF WHICH 240 MONTHS WILL RUN CONSECUTIVELY TO COUNTS ONE (1) AND TWO (2) AND 120 MONTHS WILL RUN CONCURRENTLY; 360 MONTHS ON COUNT FOUR (4) TO RUN CONCURRENTLY WITH ALL OTHER TERMS; 25 YEARS SUPERVISED RELEASE CONCURRENTLY; $400.00 SPECIAL ASSESSMENT |
| 18:2251(a)&(e)–SEXUAL EXPLOITATION OF A MINOR (3) | SENTENCED TO 360 MONTHS ON COUNT ONE (1); 360 MONTHS ON COUNT TWO (2) TO RUN CONSECUTIVELY TO COUNT ONE (1); 360 MONTHS ON COUNT THREE (3), OF WHICH 240 MONTHS WILL RUN CONSECUTIVELY TO COUNTS ONE (1) AND TWO (2) AND 120 MONTHS WILL RUN CONCURRENTLY; 360 MONTHS ON COUNT FOUR (4) TO RUN CONCURRENTLY WITH ALL OTHER TERMS; 25 YEARS SUPERVISED RELEASE CONCURRENTLY; $400.00 SPECIAL ASSESSMENT |
| 18:2251(a)&(e)–SEXUAL EXPLOITATION OF A MINOR (4) | SENTENCED TO 360 MONTHS ON COUNT ONE (1); 360 MONTHS ON COUNT TWO (2) TO RUN CONSECUTIVELY TO COUNT ONE (1); 360 MONTHS ON COUNT THREE (3), OF WHICH 240 MONTHS WILL RUN CONSECUTIVELY TO COUNTS ONE (1) AND TWO (2) AND 120 MONTHS WILL RUN CONCURRENTLY; 360 MONTHS |

ON COUNT FOUR (4) TO RUN
CONCURRENTLY WITH ALL OTHER
TERMS; 25 YEARS SUPERVISED
RELEASE CONCURRENTLY; $400.00
SPECIAL ASSESSMENT

18:2252A(a)(5)(B)&(b)(2)–POSSESSION
OF CHILD PORNOGRAPHY
(5)

SENTENCED TO 240 MONTHS
IMPRISONMENT TO RUN
CONCURRENTLY WITH ALL OTHER
TERMS;25 YEARS SUPERVISED
RELEASE TO RUN
CONCURRENTLY;$100.00 SPECIAL
ASSESSMENT.

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
| --- | --- |
| None | |

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
| --- | --- |
| None | |

**Plaintiff**

| **USA** | represented by | **C. Eldridge** |
| --- | --- | --- |

U.S Attorney's Office
414 Parker Avenue
Fort Smith, AR 72901
(479) 783–5125
Email: kenny.elser@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Dustin S. Roberts**
U.S. Attorney's Office
414 Parker Avenue
P.O. Box 1524
Fort Smith, AR 72902
479–783–5125
Fax: 479–441–0578
Email: Dustin.Roberts@usdoj.gov
*ATTORNEY TO BE NOTICED*

Email All Attorneys (Primary Address)
Email All Attorneys (Primary and Secondary Address)

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 05/07/2014 | 1 | | INDICTMENT as to Scott Sholds (1) count(s) 1–4, 5. (tg) (Entered: 05/12/2014) |
| 05/07/2014 | 2 | | Citation Calendar as to Scott Sholds. (tg) (Entered: 05/12/2014) |
| 05/07/2014 | 3 | | Citation Sheets as to Scott Sholds. (tg) (Entered: 05/12/2014) |
| 05/08/2014 | 4 | | **THE DOCUMENT IS RESTRICTED TO COURT USERS.**<br><br>Arrest Warrant Issued as to Scott Sholds. (tg) (Entered: 05/12/2014) |
| 05/08/2014 | 5 | | **PETITION AND ORDER for Writ of Habeas Corpus Ad Prosequendum as to Scott Sholds returnable by May 29, 2014 at 11:00 a.m. Signed by Honorable Erin L. Setser on May 08, 2014. (cc via CM/ECF: U.S. Probation Office, U.S. Marshals Service) (tg) (Entered: 05/12/2014)** |
| 05/08/2014 | 6 | | **THE DOCUMENT IS RESTRICTED TO COURT USERS.**<br><br>Writ of Habeas Corpus ad Prosequendum Issued as to Scott Sholds to appear in Fayetteville, Arkansas on May 29, 2014. Delivered to USMS for service. (tg) (Entered: 05/12/2014) |
| 05/27/2014 | 7 | | **THE DOCUMENT IS FILED UNDER SEAL WITH THE COURT.**<br><br>PRETRIAL REPORT in case as to Scott Sholds. (cr) (Entered: 05/27/2014) |
| 05/28/2014 | | | **TEXT ONLY ORDER Setting Hearing as to Scott Sholds : Arraignment set for 5/29/2014 11:00 AM in Fayetteville –– 5th flr (Rm 509) before Honorable Erin L. Setser. Signed by Honorable Erin L. Setser on May 28, 2014. (parties notified via separate email: U.S. Probation Office, U.S. Marshals Service) (gh) (Entered: 05/28/2014)** |
| 05/29/2014 | | | Arrest of Scott Sholds. (gh) (Entered: 05/29/2014) |
| 05/29/2014 | | | Case unsealed as to Scott Sholds. (gh) (Entered: 05/29/2014) |
| 05/29/2014 | 8 | | TEXT ONLY Minute Entry for proceedings held before Honorable Erin L. Setser: Arraignment as to Scott Sholds (1) Count 1–4,5 held on 5/29/2014; not guilty plea entered to the Indictment. Attorney Bruce Eddy standing in for Jack Schisler, Public Defender Appointment, for Scott Sholds present. Dustin Roberts standing in for Conner Eldridge appeared for USA. Financial affidavit executed, Counsel appointed. Defense counsel requests discovery in open court. Government has 7 days to provide information. Defendant waived the issue of detention. Defendant remanded to the custody of the U.S. Marshals Service. Jury Trial set for 7/14/2014 09:00 AM in Fayetteville –– 5th flr (Rm 509) before Honorable Timothy L. Brooks. (Gina Hellums–Digital Recorder)(Proceedings held in Fayetteville–Room 509) (gh) (Entered: 05/29/2014) |
| 05/29/2014 | 9 | | CJA 23 Financial Affidavit by Scott Sholds.<br><br>**THE ORIGINAL IS FILED UNDER SEAL WITH THE COURT.** |

| | | | |
|---|---|---|---|
| | | | (gh) (Entered: 05/29/2014) |
| 05/29/2014 | 10 | | **ORDER APPOINTING FEDERAL PUBLIC DEFENDER, Jack Schisler, as to Scott Sholds. Signed by Honorable Erin L. Setser on May 29, 2014. (cc via CM/ECF: U.S. Probation Office ) (gh) (Entered: 05/29/2014)** |
| 05/29/2014 | 11 | | **ORDER OF DETENTION as to Scott Sholds. Defendant waived the issue of detention. Signed by Honorable Erin L. Setser on May 29, 2014. (cc via CM/ECF: U.S. Probation Office, U.S. Marshals Service) (gh) (Entered: 05/29/2014)** |
| 05/29/2014 | 12 | | **PRETRIAL SCHEDULING ORDER as to Scott Sholds, establishing pretrial deadlines and setting case for jury trial on 7/14/14. Signed by Honorable Erin L. Setser on May 29, 2014. (cc via CM/ECF: U.S. Probation Office ) (gh) (Entered: 05/29/2014)** |
| 05/29/2014 | 13 | | NOTICE OF ATTORNEY APPEARANCE Dustin S. Roberts appearing for USA. . (Roberts, Dustin) (Entered: 05/29/2014) |
| 06/04/2014 | 14 | | Arrest Warrant Returned Executed on 5/29/2014 as to Scott Sholds. (rg) (Entered: 06/04/2014) |
| 07/07/2014 | | | **TEXT ONLY ORDER Setting/Resetting Hearings as to Scott Sholds. Jury trial for this defendant canceled: Change of Plea Hearing set for 7/14/2014 09:00 AM in Fayetteville –– 5th flr (Rm 509) before Honorable Timothy L. Brooks. Signed by Honorable Timothy L. Brooks on July 7, 2014. (cc via CM/ECF: U.S. Probation Office, U.S. Marshals Service) (gg) (Entered: 07/07/2014)** |
| 07/14/2014 | 15 | | Minute Entry for proceedings held before Honorable Timothy L. Brooks: Change of Plea Hearing as to Scott Sholds held on 7/14/2014. Plea entered guilty as to Counts 1–5. (Dana Hayden–Court Reporter)(Proceedings held in Fayetteville–Room 509) (gg) (Entered: 07/14/2014) |
| 07/14/2014 | 16 | | PLEA AGREEMENT as to Scott Sholds. (gg) (Entered: 07/14/2014) |
| 09/15/2014 | 17 | | **THE DOCUMENT IS FILED UNDER SEAL WITH THE COURT.**<br><br>INITIAL DISCLOSURE COPY OF PRESENTENCE INVESTIGATION REPORT (SEALED) in case as to Scott Sholds. Response or Objections to PSR due by 10/2/2014. (Attachments: # 1 Instruction Sheet)(tmt) (Entered: 09/15/2014) |
| 09/17/2014 | | | **TEXT ONLY ORDER Setting/Resetting Hearings as to Scott Sholds : A THREE DAY SENTENCING TERM beginning 1/6/2015 09:00 AM in Fayetteville –– 5th flr (Rm 509) before Honorable Timothy L. Brooks has been set for the hearing in this matter. You will be notified of your position on the docket with an exact date and time to appear approximately one week prior to the sentencing term. Signed by Honorable Timothy L. Brooks on September 17, 2014. (cc via CM/ECF: U.S. Probation Office, U.S. Marshals Service) (gg) (Entered: 09/17/2014)** |
| 09/17/2014 | | | **TEXT ONLY ORDER as to Scott Sholds: A sentencing hearing has been set in this case. The Court hereby orders any Sentencing Memorandum which the parties feel would be beneficial to the Court to be filed no later than December 23, 2015. The first page of any sentencing related filing** |

| | | |
|---|---|---|
| | | should include an estimate of the anticipated length of time necessary for the hearing. Additionally, if the sentencing is continued, any Supplemental Sentencing Memorandum will be due 14 days prior to the new sentencing date. Any responsive memoranda must be filed within 7 days after the filing of the sentencing memorandum that the responding party wishes to address. Furthermore, if any party otherwise expects the sentencing to be contested, the party or parties should so inform the Court by 21 days prior to sentencing so that enough time will be allotted for the hearing. Signed by Honorable Timothy L. Brooks on September 17, 2014. (cc via CM/ECF: U.S. Probation Office, U.S. Marshals Service) (gg) (Entered: 09/17/2014) |
| 09/18/2014 | | TEXT ONLY ORDER Setting/Resetting Hearings as to Scott Sholds : Sentencing RESET for 11/7/2014 09:00 AM in Fayetteville –– 5th flr (Rm 509) before Honorable Timothy L. Brooks. Signed by Honorable Timothy L. Brooks on September 18, 2014. (cc via CM/ECF: U.S. Probation Office, U.S. Marshals Service) (gg) (Entered: 09/18/2014) |
| 09/18/2014 | | AMENDED TEXT ONLY ORDER as to Scott Sholds: A sentencing hearing has been set in this case. The Court hereby orders any Sentencing Memorandum which the parties feel would be beneficial to the Court to be filed no later than October 24, 2014. The first page of any sentencing related filing should include an estimate of the anticipated length of time necessary for the hearing. Additionally, if the sentencing is continued, any Supplemental Sentencing Memorandum will be due 14 days prior to the new sentencing date. Any responsive memoranda must be filed within 7 days after the filing of the sentencing memorandum that the responding party wishes to address. Furthermore, if any party otherwise expects the sentencing to be contested, the party or parties should so inform the Court by 21 days prior to sentencing so that enough time will be allotted for the hearing. Signed by Honorable Timothy L. Brooks on September 18, 2014. (cc via CM/ECF: U.S. Probation Office, U.S. Marshals Service) (gg) (Entered: 09/18/2014) |
| 09/30/2014 | 18 | **THE DOCUMENT IS FILED UNDER SEAL WITH THE COURT.** RESPONSE/OBJECTION(S) TO 17 PRESENCE INVESTIGATION REPORT (Sealed) by Scott Sholds. (Schisler, John) Modified on 10/1/2014 to grant applicable party access (jn). (Entered: 09/30/2014) |
| 10/02/2014 | 19 | **THE DOCUMENT IS FILED UNDER SEAL WITH THE COURT.** RESPONSE/OBJECTION(S) TO 17 PRESENCE INVESTIGATION REPORT (Sealed) by USA as to Scott Sholds. (Roberts, Dustin) Modified on 10/2/2014 to grant applicable party access (jn). (Entered: 10/02/2014) |
| 10/02/2014 | 20 | **THE DOCUMENT IS FILED UNDER SEAL WITH THE COURT.** RESPONSE/OBJECTION(S) TO 17 PRESENCE INVESTIGATION REPORT (Sealed) by USA as to Scott Sholds. (Roberts, Dustin) Modified on 10/2/2014 to grant applicable party access (jn). (Entered: 10/02/2014) |
| 10/21/2014 | 21 | Unopposed MOTION for Extension of Time as to Order re Sentencing Memorandum Due – TEXT ONLY,,,, by Scott Sholds. (Schisler, John) (Entered: 10/21/2014) |

| 10/21/2014 | 22 | | **THE DOCUMENT IS FILED UNDER SEAL WITH THE COURT.** |
| | | | FINAL PRESENTENCE INVESTIGATION REPORT (SEALED) in case as to Scott Sholds. (See Addendum for PSR revisions) (Attachments: # 1 Addendum)(tmt) (Additional attachment(s) added on 10/24/2014: # 2 Letters of Support (slc). Modified on 10/24/2014 (slc). (Entered: 10/21/2014) |
| 10/21/2014 | 23 | | **THE DOCUMENT IS FILED UNDER SEAL WITH THE COURT.** |
| | | | SENTENCING RECOMMENDATION as to Scott Sholds. (tmt) (Entered: 10/21/2014) |
| 10/21/2014 | | | **TEXT ONLY ORDER granting Defendant's 21 Unopposed Motion to Extend Sentencing Memorandum Deadline as to Scott Sholds (1). Defendant's Sentencing Memorandum is due on or before October 27, 2014. A response brief, if desired, will be due on or before November 3, 2014. Signed by Honorable Timothy L. Brooks on October 21, 2014. (cc via CM/ECF: U.S. Probation Office, U.S. Marshals Service) (slc) (Entered: 10/21/2014)** |
| 10/27/2014 | 24 | | SENTENCING MEMORANDUM by Scott Sholds (Schisler, John) (Entered: 10/27/2014) |
| 10/28/2014 | 25 | | SENTENCING MEMORANDUM by USA as to Scott Sholds (Roberts, Dustin) (Entered: 10/28/2014) |
| 11/07/2014 | 26 | | Minute Entry for proceedings held before Honorable Timothy L. Brooks: Sentencing as to Scott Sholds held on 11/7/2014. (Dana Hayden−Court Reporter)(Proceedings held in Fayetteville−Room 509) (slc) (Entered: 11/07/2014) |
| 11/07/2014 | 27 | | **JUDGMENT as to Scott Sholds (1), Count(s) 1−4, SENTENCED TO 360 MONTHS ON COUNT ONE (1); 360 MONTHS ON COUNT TWO (2) TO RUN CONSECUTIVELY TO COUNT ONE (1); 360 MONTHS ON COUNT THREE (3), OF WHICH 240 MONTHS WILL RUN CONSECUTIVELY TO COUNTS ONE (1) AND TWO (2) AND 120 MONTHS WILL RUN CONCURRENTLY; 360 MONTHS ON COUNT FOUR (4) TO RUN CONCURRENTLY WITH ALL OTHER TERMS; 25 YEARS SUPERVISED RELEASE CONCURRENTLY; $400.00 SPECIAL ASSESSMENT; Count(s) 5, SENTENCED TO 240 MONTHS IMPRISONMENT TO RUN CONCURRENTLY WITH ALL OTHER TERMS;25 YEARS SUPERVISED RELEASE TO RUN CONCURRENTLY;$100.00 SPECIAL ASSESSMENT. Signed by Honorable Timothy L. Brooks on November 7, 2014. (cc via CM/ECF: U.S. Probation Office, U.S. Marshals Service) (rg) (Entered: 11/07/2014)** |
| 11/07/2014 | 28 | | STATEMENT OF REASONS as to Scott Sholds filed pursuant to the entry of the 27 Judgment. |
| | | | **THIS DOCUMENT IS FILED UNDER SEAL.** |
| | | | . Signed by Honorable Timothy L. Brooks on November 7, 2014. (cc via CM/ECF: U.S. Probation Office, U.S. Marshals Service) (rg) (Entered: 11/07/2014) |

| | | | |
|---|---|---|---|
| 11/19/2014 | 29 | | NOTICE OF APPEAL – Final Judgment by Scott Sholds re 27 Judgment. (Schisler, John) (cc via ECF: Conner Eldridge, Dustin Roberts, Jack Schisler) ( Modified on 11/20/2014 to add distribution (jn). (Entered: 11/19/2014) |
| 11/20/2014 | 30 | | NOA SUPPLEMENT FORM re 29 Notice of Appeal – Final Judgment (atty) filed by Scott Sholds. (jn) (Entered: 11/20/2014) |
| 12/04/2014 | 31 | | USCA Order Appointing the Federal Public Defender to represent, or continue to represent, the Defendant, Scott Sholds re 29 Notice of Appeal – Final Judgment (atty). (jn) (Entered: 12/04/2014) |
| 12/04/2014 | 32 | | **PRIVACY ORDER of USCA as to Scott Sholds re 29 Notice of Appeal – Final Judgment (atty) (jn) (Entered: 12/04/2014)** |
| 12/04/2014 | 33 | | USCA Scheduling Order as to 29 Notice of Appeal – Final Judgment (atty) filed by Scott Sholds. Case Appealed to 8th Circuit Court of Appeals Case Number 14–3720. Transcript due by 12/22/2014. (Attachments: # 1 USCA Letter)(jn) (Entered: 12/04/2014) |
| 12/08/2014 | 34 | | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Change of Plea hearing as to Scott Sholds for dates of 7/14/14 before Judge Timothy L. Brooks, re 29 Notice of Appeal – Final Judgment (atty) filed by Scott Sholds. Court Reporter/Transcriber Dana Hayden, Telephone number 479–695–4460. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber. After the Release of Transcript Restriction deadline it, or a redacted transcript, may be obtained through the Court Reporter/Transcriber or PACER A Notice of Intent to Request Redaction of the Transcript MUST be filed within **7 calendar days** of the filing of the transcript and served manually on the court reporter/transcriber. Redaction Request due 1/2/2015. Redacted Transcript Deadline set for 1/12/2015. Release of Transcript Restriction set for 3/12/2015. (jn) (Entered: 12/08/2014) |
| 12/09/2014 | 35 | | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Sentencing Hearing as to Scott Sholds held on 11/7/14, before Judge Timothy L. Brooks. Court Reporter/Transcriber Dana Hayden, Telephone number 479–695–4460. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber. After the Release of Transcript Restriction deadline it, or a redacted transcript, may be obtained through the Court Reporter/Transcriber or PACER A Notice of Intent to Request Redaction of the Transcript MUST be filed within **7 calendar days** of the filing of the transcript and served manually on the court reporter/transcriber. Redaction Request due 1/2/2015. Redacted Transcript Deadline set for 1/12/2015. Release of Transcript Restriction set for 3/12/2015. (jn) (Entered: 12/09/2014) |
| 12/18/2014 | 36 | | Transmitted Record on Appeal as to Scott Sholds to US Court of Appeals, Eighth Circuit re 29 Notice of Appeal – Final Judgment (atty). (jn) (Entered: 12/18/2014) |
| 03/12/2015 | | | Terminate Transcript Deadlines as to Scott Sholds per release of #35 & 35. (jn) (Entered: 03/12/2015) |
| 10/13/2016 | 37 | | MANDATE of USCA affirming district court decision as to 29 Notice of Appeal – Final Judgment as to Scott Sholds.() (Attachments: # 1 Exhibit Opinion 8USCA, # 2 Exhibit Judgment 8USCA)(cnn) (Entered: 10/13/2016) |

| 10/16/2017 | 38 | MOTION to Vacate under 28 U.S.C. 2255 by Scott Sholds. (rg) Civil case 5:17–cv–05202–TLB opened. (Entered: 10/16/2017) |
|---|---|---|
| 10/16/2017 | | Case as to Scott Sholds Referred to Honorable Erin L. Wiedemann. Motions referred to Honorable Erin L. Wiedemann.(rg) (Entered: 10/16/2017) |
| 10/16/2017 | 39 | MOTION for Extension of Time by Scott Sholds. (rg) (Entered: 10/16/2017) |
| 10/16/2017 | 40 | MOTION for discovery for a 22 USC 2255 Motion by Scott Sholds. (rg) Modified on 10/20/2017 (src). (Entered: 10/16/2017) |
| 10/17/2017 | 41 | Magistrate Notice/Consent Furnished. (tg) (Entered: 10/17/2017) |
| 10/19/2017 | 42 | **ORDER granting 39 Motion for Extension of Time as to Scott Sholds (1). Signed by Honorable Erin L. Wiedemann on October 19, 2017. (cc via CM/ECF: U.S. Probation Office, U.S. Marshals Service) (rg) (Entered: 10/19/2017)** |
| 10/19/2017 | 43 | **ORDER on 40 Motion for discovery and directing defense counsel to provide the Defendant with any documents in his possession to which the Defendant may be entitled by November 2, 2017; see order for specifics. Signed by Honorable Erin L. Wiedemann on October 19, 2017. (cc via CM/ECF: U.S. Probation Office, U.S. Marshals Service) (rg) Modified text on 10/20/2017 (src). (Entered: 10/19/2017)** |
| 11/01/2017 | 44 | NOTICE *of Discovery Material Provider to Petitioner* by USA as to Scott Sholds re 43 Order,. (Roberts, Dustin) (Entered: 11/01/2017) |
| 11/28/2017 | 45 | MOTION for thirty day extension of time to submit brief and memorandum in support of 38 MOTION to Vacate under 28 U.S.C. 2255; or in the alternate, a stay pending requested discovery by Scott Sholds. (rg) (Entered: 11/28/2017) |
| 12/18/2017 | 46 | **ORDER granting 45 Motion for Extension of Time to the extent that the Defendant shall have until January 18, 2017, to file his brief; see order for specifics. Signed by Honorable Erin L. Wiedemann on December 18, 2017. (cc via CM/ECF: U.S. Probation Office, U.S. Marshals Service) (rg) (Entered: 12/18/2017)** |
| 01/22/2018 | 47 | MEMORANDUM BRIEF in Support of 38 MOTION to Vacate under 28 U.S.C. 2255 by Scott Sholds. (rg) (Entered: 01/22/2018) |
| 02/14/2018 | 48 | MOTION for Extension of Time to File Response/Reply by USA as to Scott Sholds. (Roberts, Dustin) (Entered: 02/14/2018) |
| 02/21/2018 | 49 | **ORDER granting 48 Motion for Extension of Time to File Response/Reply as to Scott Sholds (1). The Government shall have until March 28, 2018, to file its response to Defendants 28 U.S.C. § 2255 motion. Signed by Honorable Erin L. Wiedemann on February 21, 2018. (cc via CM/ECF: U.S. Probation Office, U.S. Marshals Service) (rg) (Entered: 02/21/2018)** |
| 03/13/2018 | 50 | RESPONSE to Motion by USA as to Scott Sholds re 38 MOTION to Vacate under 28 U.S.C. 2255 (Attachments: # 1 Exhibit A – Affidavit)(Roberts, Dustin) (Entered: 03/13/2018) |
| 04/02/2018 | 51 | MOTION for Extension of Time to submit reply in opposition to the Respondents as to 38 MOTION to Vacate under 28 U.S.C. 2255 by Scott Sholds. (rg) (Entered: 04/02/2018) |

| 04/02/2018 | 52 | | MOTION to Strike attorney Jack Schisler's Affidavit, (DE. So, Exhibit "A"} as unauthorized by Scott Sholds. (rg) (Entered: 04/02/2018) |
|---|---|---|---|
| 04/10/2018 | | | TEXT ONLY MEMO OF REASSIGNMENT as to Scott Sholds. Case referral reassigned to Honorable James R. Marschewski. Honorable Erin L. Wiedemann no longer assigned to the case. Motions referred to James R. Marschewski. (At the direction of the Court.)(mfr) (Entered: 04/10/2018) |
| 05/07/2018 | 53 | | **TEXT ONLY ORDER denying 51 Motion for Extension of Time as to Scott Sholds (1). Signed by Honorable James R. Marschewski on May 7, 2018. (cc via CM/ECF: U.S. Probation Office, U.S. Marshals Service) (Marschewski, James) (Entered: 05/07/2018)** |
| 05/07/2018 | 54 | | **ORDER denying 52 Motion to Strike as to Scott Sholds (1). Signed by Honorable James R. Marschewski on May 7, 2018. (cc via CM/ECF: U.S. Probation Office, U.S. Marshals Service) (Marschewski, James) (Entered: 05/07/2018)** |
| 05/07/2018 | 55 | | MOTION for Extension of Time to submit reply in opposition to 50 Response to Motion by Scott Sholds. Motions referred to James R. Marschewski.(tg) (Entered: 05/07/2018) |
| 05/08/2018 | 56 | | **TEXT ONLY ORDER granting 55 Motion for Extension of Time as to Scott Sholds (1). Signed by Honorable James R. Marschewski on May 8, 2018. (cc via CM/ECF: U.S. Probation Office, U.S. Marshals Service) (Marschewski, James) (Entered: 05/08/2018)** |
| 07/02/2018 | 57 | | **ORDER to APPOINT COUNSEL and for an Evidentiary Hearing as to Scott Sholds. The court appoints Patrick Flake to represent Defendant and the matter will be set for a hearing by separate order. Signed by Honorable James R. Marschewski on July 2, 2018. (cc via CM/ECF: U.S. Probation Office, U.S. Marshals Service) (src) (Entered: 07/02/2018)** |
| 07/24/2018 | 58 | | **SCHEDULING ORDER as to Scott Sholds. An Evidentiary Hearing regarding a Motion to Vacate (28 U.S.C. 2255) has been scheduled. Please refer to the attached document for deadline information. Evidentiary Hearing set for 10/30/2018 10:00 AM in Fort Smith –– 2nd flr (Rm 226) before Honorable James R. Marschewski. Signed by Honorable James R. Marschewski on July 24, 2018. (cc via CM/ECF: U.S. Probation Office, U.S. Marshals Service) (djm) (Entered: 07/24/2018)** |
| 07/24/2018 | 59 | | **ORDER for Writ of Habeas Corpus Ad Testificandum as to Scott Sholds, #12253–010; returnable by 10/30/2018 10:00 AM. Signed by Honorable James R. Marschewski on July 24, 2018. (copy to U. S. Marshals Service; Director, U.S.P. Tucson Arizona) (djm) (Entered: 07/24/2018)** |
| 07/24/2018 | 60 | | **THE DOCUMENT IS RESTRICTED TO COURT USERS.**<br><br>Writ of Habeas Corpus ad Testificandum Issued as to Scott Sholds, #12253, to appear in Fort Smith, Arkansas 10/30/2018 10:00 AM. (original writ to U. S. Marshals Service; copy of writ to Director, U.S.P. Tucson Arizona) (djm) (Entered: 07/24/2018) |
| 08/28/2018 | 61 | | **TEXT ONLY ORDER Setting/Resetting Hearings as to Scott Sholds: Evidentiary Hearing RESET for 12/6/2018 10:00 AM in Fort Smith –– 2nd** |

| | | | |
|---|---|---|---|
| | | | flr (Rm 226) before Honorable James R. Marschewski. The Scheduling Order entered 7/24/2018 58 , except as modified herein, remains in effect. Signed by Honorable James R. Marschewski on August 28, 2018. (cc via CM/ECF: U.S. Probation Office, U.S. Marshals Service) (djm) (Entered: 08/28/2018) |
| 08/28/2018 | 62 | | **ORDER for Writ of Habeas Corpus Ad Testificandum as to Scott Sholds, #12253–010; returnable by 12/6/2018 10:00 AM. Signed by Honorable James R. Marschewski on August 28, 2018. (copy to U. S. Marshals Service; Director, U.SP. Tucson Arizona) (djm) (Entered: 08/28/2018)** |
| 08/28/2018 | 63 | | **THE DOCUMENT IS RESTRICTED TO COURT USERS.**<br><br>Writ of Habeas Corpus ad Testificandum Issued as to Scott Sholds, #12253–010, to appear in Fort Smith, Arkansas 12/6/2018 10:00 AM. (original writ to U. S. Marshals Service; copy of writ to Director, U.S.P. Tucson Arizona) (djm) (Entered: 08/28/2018) |
| 11/08/2018 | | | TEXT ONLY MEMO OF REASSIGNMENT as to Scott Sholds. Case referral reassigned to Honorable Mark E. Ford. Honorable James R. Marschewski no longer assigned to the case. Motions referred to Mark E. Ford.(mfr) (Entered: 11/08/2018) |
| 12/06/2018 | 64 | | First MOTION to Continue Hearing by Scott Sholds. Motions referred to Mark E. Ford.(Flake, Patrick) (Entered: 12/06/2018) |
| 12/06/2018 | 65 | | **TEXT ONLY ORDER granting 64 Motion to Continue as to Scott Sholds (1); Evidentiary Hearing RESET for 12/18/2018 10:00 AM in Fort Smith —– 1st flr (Rm 1004) before Honorable Mark E. Ford. Signed by Honorable Mark E. Ford on December 6, 2018. (cc via CM/ECF: U.S. Probation Office, U.S. Marshals Service) (djm) (Entered: 12/06/2018)** |
| 12/06/2018 | | | TEXT ONLY MEMO OF REASSIGNMENT as to Scott Sholds. Case referral reassigned to Honorable James R. Marschewski. Honorable Mark E. Ford no longer assigned to the case. Motions referred to Honorable James R. Marschewski. (mfr) (Entered: 12/06/2018) |
| 12/18/2018 | 66 | | Minute Entry for proceedings held before Honorable James R. Marschewski: Evidentiary Hearing as to Scott Sholds held on 12/18/2018. (Debbie Maddox–Digital Recorder) (Proceedings held in Fort Smith–Room 1004) (Attachments: # 1–Witness and Exhibit Record) (djm) (Entered: 12/18/2018) |
| 01/31/2019 | 67 | | REPORT AND RECOMMENDATIONS re 38 MOTION to Vacate under 28 U.S.C. 2255 filed by Scott Sholds. Objections to R&R due by 2/19/2019. Signed by Honorable James R. Marschewski on January 31, 2019. (cc via CM/ECF: U.S. Probation Office, U.S. Marshals Service) (tg) Modified on 1/31/2019 to edit Judge(tg). (Entered: 01/31/2019) |
| 02/07/2019 | 68 | | First MOTION of Patrick F. Flake to Withdraw as Attorney by Scott Sholds. (Flake, Patrick) (Entered: 02/07/2019) |
| 02/18/2019 | 69 | | **DISREGARD, Wrong event used, attorney will refile** First MOTION for Review of the Ruling of a Magistrate Judge re 67 REPORT AND RECOMMENDATIONS as to Scott Sholds re 38 MOTION to Vacate under 28 U.S.C. 2255 filed by Scott Sholds. by Scott Sholds. (Flake, Patrick) Modified |

| | | | |
|---|---|---|---|
| | | | on 2/19/2019 to disregard (hnc). (Entered: 02/18/2019) |
| 02/19/2019 | 70 | | OBJECTION TO REPORT AND RECOMMENDATIONS 67 by Scott Sholds . (Flake, Patrick) (Entered: 02/19/2019) |
| 02/25/2019 | 71 | | Mail Returned as Undeliverable marked No Longer Here. Mail originally sent to Scott Sholds at Tucson, AZ including 67 Report and Recommendations. No new address available. (tg) (Entered: 02/25/2019) |
| 04/29/2019 | 72 | | **MEMORANDUM OPINION AND ORDER dismissing with prejudice 38 Motion to Vacate (2255), adopting 67 Report and Recommendations and granting 68 Motion to Withdraw Patrick F. Flake from case. Signed by Honorable Timothy L. Brooks on April 29, 2019. (cc via CM/ECF: U.S. Probation Office, U.S. Marshals Service) (tg)** **Civil Case 5:17–cv–05202–TLB closed. (Entered: 04/29/2019)** |
| 05/13/2019 | 73 | | MOTION for Extension of Time to file Notice of Appeal by Scott Sholds. (Attachments: # 1 8USCA Letter)(src) (Entered: 05/16/2019) |
| 05/16/2019 | 74 | | **TEXT ONLY ORDER granting 73 Motion for Extension of Time to File Notice of Appeal as to Scott Sholds (1). Sholds is granted a two–week extension of time to file a notice of appeal. Signed by Honorable Timothy L. Brooks on May 16, 2019. (cc via CM/ECF: U.S. Probation Office, U.S. Marshals Service) (ee) (Entered: 05/16/2019)** |
| 06/06/2019 | 75 | | Mail Returned as Undeliverable marked Return to Sender. Mail originally sent to Scott Sholds at USP Tucson including 73 Motion for Extension of Time filed by Scott Sholds, 74 Order on Motion for Extension of Time,. Mail resent to new address provided in 73 Motion for Extension of Time. (src) (Entered: 06/06/2019) |
| 06/21/2019 | 76 | | MOTION for Extension of Time to file Notice of Appeal by Scott Sholds. (tg) (Entered: 06/21/2019) |
| 06/25/2019 | 77 | | **TEXT ONLY ORDER granting 76 Motion for Extension of Time to File Notice of Appeal as to Scott Sholds (1). The deadline to file a notice of appeal is now July 1, 2019, as requested in the motion. No further extensions of time will be granted absent extraordinary good cause shown. Signed by Honorable Timothy L. Brooks on June 25, 2019. (cc via CM/ECF: U.S. Probation Office, U.S. Marshals Service) (ee) (Entered: 06/25/2019)** |
| 07/19/2019 | 78 | | NOTICE OF APPEAL – Final Judgment by Scott Sholds re 72 Memorandum Opinion. (src) (Entered: 07/19/2019) |
| 07/22/2019 | 79 | | NOA SUPPLEMENT FORM re 78 Notice of Appeal – Final Judgment filed by Scott Sholds. (src) (Entered: 07/22/2019) |

**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

UNITED STATES OF AMERICA                    PLAINTIFF/RESPONDENT

V.                              No. 14-50035

SCOTT SHOLDS                                DEFENDANT/PETITIONER

### Magistrate Judge's Report and Recommendation

Before the court is the Petitioner's Motion to Vacate, Set Aside, or Correct a Sentence Pursuant to 28 U.S.C. Section 2255 (Doc.38) filed October 16, 2017. The Petitioner filed his Memorandum Brief (Doc. 47) on January 22, 2018. The United States of America filed a Response (Doc. 50) on March 13, 2018. The matter was reassigned to the undersigned on April 10, 2018. An order appointing counsel and setting the matter for an evidentiary hearing was entered on July 2, 2018 (Doc. 57) and an Evidentiary Hearing was conducted on December 18, 2018.

## I.  Background

On or about May 7, 2014, Scott Sholds was named in a five-count Indictment filed by a Federal Grand Jury in the Western District of Arkansas. The Indictment charged Sholds with four counts of Production of Child Pornography in violation of 18 U.S.C. §§ 2251(a) and (e); and one count of Possessing Child Pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2). (DCD 22 p. 3; "PSR" ¶ 1). On July 14, 2014, the Petitioner entered into a Plea Agreement (Doc. 16) and appeared with his attorney before the Honorable Timothy L. Brooks and pleaded guilty to all counts of the indictment. (Id.). After the defendant changed his plea, the district

1

court ordered a Presentence Report (Doc. 17) which was completed on September 15, 2014. The Court sentenced the defendant 960 months, 25 years of supervised release, and a special assessment fee. *Id*. The judgment in this case was filed on November 7, 2014. (Doc. 27).

A notice of appeal was filed thereafter on November 19, 2014. (DCD 29). On or about February 4, 2015, Federal Defenders Jack Schisler and Angela Pitts submitted a brief on Sholds behalf challenging the substantive reasonableness of the sentence. (*United States v. Sholds*, 8th Circuit, Brief for Appellant, Case number 14-3720). Thereafter the Government submitted a timely response. Ultimately, the Eighth Circuit affirmed such and issued its mandate on October 13, 2016. (DCD 37). In its opinion, the Eighth Circuit noted Sholds committed "four separate offenses when he decided to create four video recordings. It was not unreasonable for the court to hold Sholds accountable for that choice by sentencing him within the greater statutory maximum allowed by the four convictions." *United States v. Sholds*, 827 F.3d 758, 760 (8th Cir. 2016).

On October 16, 2017 the Petitioner filed the current motion contending: Ground One-Ineffective Assistance of Counsel for failure to file certain motions (Doc. 38, p. 4); Ground Two-Ineffective Assistance of Counsel for failure to file motion to suppress statement (Id., p. 5); Ground Three-Failure to file Motion concerning multiplicity of counts (Id., p. 6); Ground Four-Abuse of Discretion by the court. (Id., p. 7). An order appointing counsel and setting the matter for an evidentiary hearing was entered on July 2, 2018 (Doc. 57) and an Evidentiary Hearing was conducted on December 18, 2018.   During the hearing the Petitioner raised the additional issue of his competency.

## II.   Discussion

## A. Ineffective Assistance of Counsel

The Sixth Amendment of the Constitution of the United States affords a criminal defendant with the right to assistance of counsel. *U.S. Const. amend. VI.* The Supreme Court has recognized that "the right to counsel is the right to effective assistance of counsel." *Strickland v. Washington*, 466 U.S. 668, 698, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (citing *McMann v. Richardson*, 397 U.S. 759, 771, n. 14, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970)).

A defendant "faces a heavy burden" to establish ineffective assistance of counsel pursuant to Section 2255. *DeRoo v. United States*, 223 F.3d 919, 925 (8th Cir. 2000); 2254. *Cox v. Wyrick*,   642 F.2d 222, 226 (C.A.Mo., 1981) To establish a claim of ineffective assistance of counsel, the Defendant must satisfy the two-part test set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

First, under the "deficient performance" component, he must show that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed [him] by the Sixth Amendment." *Strickland*, 466 U.S. at 687. That showing can be made by demonstrating that counsel's performance "fell below an objective standard of reasonableness." *Wiggins v. Smith*, 539 U.S. 510, 522, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003)(internal citations omitted.

Second, under the "prejudice" component, he must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. see also, i.e. *United States v Ledezma-Rodriguez*, 423 F.3d 830, 836 (8th Cir. 2005)(post-conviction relief will not be granted on a claim of ineffective assistance of trial counsel unless the petitioner can show not only that counsel's performance was deficient but also that such deficient performance prejudiced his defense).

3

To satisfy this "prejudice" prong, Defendant must show "that there is a reasonable probability that, but for counsel□s unprofessional errors, the result of the proceeding would have been different . . . a reasonable probability [meaning] a probability sufficient to undermine confidence in the outcome." *U.S. v. Rice*, 449 F.3d 887 at 897 (internal quotations omitted). Thus, it is not sufficient for a defendant to show that the error had some "conceivable effect" on the result of the proceeding because not every error that influences a proceeding undermines the reliability of the outcome of the proceeding. *Morales v. Ault*, 476 F.3d 545 (8th Cir.2007) (citing *Odem v. Hopkins*, 382 F.3d 846, 851 (8th Cir.2004)). Additionally, actual prejudice does not exist where a petitioner, at best, suffers the mere possibility of prejudice. *See Wainwright v. Torna*, 455 U.S. 586, 587-88 (1982); *Prewitt v. United States*, 83 F.3d 812, 819 (7th Cir.1996) (mere possibility does not equal actual prejudice). Although the two prongs of the "ineffective assistance" analysis are described as sequential, courts "do not . . . need to address the performance prong if petitioner does not affirmatively prove prejudice." *Boysiewick v. Schriro*, 179 F.3d 616, 620 (8th Cir.1999).

Also, to the extent that Petitioner's claims arise out the plea process, he must show a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. See *Strickland*, 466 U.S. at 688; *United States v. Prior*, 107 F.3d 654, 661 (8th Cir. 1997).

**Ground One: Ineffective Assistance regarding Multiplicity of Claims and Improper Sentence:**

The Petitioner contends, pursuant to his brief, that his attorney was ineffective for failing to contest the multiple counts filed by the government because all of the pornographic videos

4

were taken within "less than a five minute period." (Doc. 47, p. 7).

In this case, the federal violation under section 2251 is the using of a minor to produce an image amounting to child pornography. See *United States v. Esch*, 832 F.2d 531, 542 (10th Cir. 1987)(multiple photographs of the same minor taken during the same session constitutes separate counts under 18 USC 2251a)). It is clear both from the plea agreement and the PSR that each time Sholds stopped and started the video, he used the minor to create distinct images and therefore committed multiple offenses as charged in the indictment.

The 8th Circuit Court of Appeal held that "Sholds committed four separate offenses when he decided to create four video recordings. It was not unreasonable for the court to hold Sholds accountable for that choice by sentencing him within the greater statutory maximum allowed by the four convictions." United States v. Sholds, 827 F.3d 758, 760 (8th Cir. 2016) It would have been an exercise in futility for the Petitioner's attorney to have filed and pursued a motion to contest the validity of the government's charges. It cannot be ineffective assistance not to raise a meritless argument. *Larson v. U.S.,* 905 F.2d 218, 219 (C.A.8 (Minn.),1990).

At the hearing the Petitioner contends his attorney was ineffective for failing to have the videos forensically evaluated to determine if it had originally been a single video which had been broken up into several videos. There is nothing in the evidence to suggest that the videos on the phone in question were tampered with in any way and the Petitioner's attorney testified that the videos all had different perspective and camera angles. Vague and conclusory allegations are not sufficient to state a ground for relief under 28 U.S.C. Sec. 2255. *See Hollis v. United States*, 796 F.2d 1043, 1046 (8th Cir.). *See also Smith v. United States*, 677 F.2d 39, 41 (8th Cir.1982) (conclusory allegations, unsupported by any specifics, are subject to summary dismissal). The

5

subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal . . . *Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *Voytik v. United States*, 778 F.2d 1306, 1308 (8th Cir.1985); see also *Carpenter v. United States*, 720 F.2d 546, 548 (8th Cir.1983) (conclusory allegations are insufficient to rebut the presumption of competency granted to defense counsel).

The Petitioner also contends that his attorney was ineffective for failing to object to the portion of his judgment that provides that upon release from prison one of the special conditions of supervision required that "Except for purposes of employment, the defendant shall not possess, use or have access to a computer or any other electronic device that has internet or can store visual images, without prior written approval of the U.S. Probation Office." (Doc. 27, p. 4, ¶4).

The restriction on internet use was not a complete ban but a restriction. (*See United States v. Fields*, 324 F.3d 1025, 1027 (8th Cir.2003). He was allowed internet and computer use for employment purposes but had to have permission from the probation office for personal use. See *United States v. Kain,* 589 F.3d 945, 951 (8th Cir. 2009). Mr. Schisler testified that he and his office had handled several specific appeals dealing with the terms of restricted internet use by probationers and that more restrictive terms had been upheld by the appeal court. It cannot be ineffective assistance not to raise a meritless argument. *Larson v. U.S.,* 905 F.2d 218, 219 (C.A.8 (Minn.),1990).

The Petitioner has also raised ineffective claims for his attorney's failure to move to suppress his statements. This issue, however, is also raised in Ground Two and will be addressed there.

### Ground Two: Ineffective Assistance for Failure to File Motion to Suppress

The Petitioner contends in Ground Two that his attorney was ineffective because he "failed to challenge violation of Mr. Sholds Miranda violations." (Doc. 47, p. 10). Where a claim of ineffective assistance of counsel is based on counsel's failure to file a motion to suppress evidence seized during a search, the petitioner must show that the motion to suppress would have been meritorious. *See United States v. Johnson*, 707 F.2d 317, 320 (8th Cir.1983). Even if a motion to suppress has merit the Petitioner must still establish prejudice.

At the hearing the Government introduced the video from the Petitioner's initial encounter with the police. (Government's Exhibit #5) At this encounter the police officer clearly informs the Petitioner of his Miranda rights. (R. 18:20:40) The officer tells the Petitioner that the reason he is talking to him is the missing phone and that there is a video on the phone (R. 18:21:11) and the video shows him possibly touching a child inappropriately. (R. 18:21:22). The Petitioner never asserts his right to an attorney. The Petitioner initially states that the phone was not his and then asked the officer if he is serious. He again says that it is not his phone but admits to having it "not even a week." (R. 18:21:36). The Petitioner denies any knowledge of the video. When the officer asked him who he was staying with the Petitioner admitted that he was staying with Courtney Baxter (mother of the victim). He also stated that Courtney had three children; Sydney, (unintelligible), and Boo Boo. (R. 18:22:12). The Petitioner continued to deny that he had touched any child inappropriately or that the video was of him. The Petitioner is subsequently arrested and transported to the Fayetteville police department.

The Petitioner's attorney testified that the initial interview with the police was very damaging to the Petitioner because he admitted to having the phone, living with the mother of

7

Appellate Case: 19-2538   Page: 19   Date Filed: 07/23/2019 Entry ID: 4811079

the victim, and he identified her youngest child as "Boo Boo" which is the name the perpetrator on the video repeatedly used while abusing the child.

The testimony of the Petitioner and his attorney is consistent that after the Petitioner was arrested on the street he was transported to the Fayetteville Police Department to make a statement. The Interviews were recorded and introduced in evidence. (Government's Exhibit #1). The testimony is also consistent that no incriminating statements were made by the Petitioner during these interviews and the Petitioner subsequently made a request for an attorney and was transported to the Washington County Jail.

The Petitioner testified that the police visited him while he was in jail, took some pictures, and that he again made a request for an attorney. Mr. Schisler testified that he had no knowledge of any visit by the police to the jail and he first learned of it during the Petitioner's testimony as a result he and the Petitioner never discussed the visit.

The initial PSR (Doc. 17) provided that the Petitioner was transported back to the Fayetteville police department to execute a search warrant on April 16, 2014 and that "[P]rior to executing the warrant, the detective asked Sholds if he still wanted to speak to the detective without having an attorney present. Sholds stated that he would like to speak to the detective. Sholds was advised of his Miranda Rights, and he signed a form stating he understood his rights." (Doc. 22, ¶24).

The Petitioner acknowledged in his testimony that he was transported back to the police department the next day and that he never asked for an attorney. The Government introduced the video tape of the interview on the April 16, 2014. (See Government's Exhibit #6).

The Government's Exhibit of the interview on the 16th shows the detective entering the

room at 15:48:10. The first thing the detective says to the Petitioner is that "I brought you back up here because we talked last night". This may support the Petitioner's testimony that the police did come to his cell while he was in the Washington County Detention Center, but it could also refer to the prior interview during the afternoon at the police department. Regardless the detective goes on to confirm that after the Petitioner had requested an attorney he "expressed a desire to waive that right to an attorney and initiate a conversation." (R. 15:48:41). When the detective makes that statement about his desire to initiate a conversation the Petitioner nodded his head in the affirmative and said "uhhuh". From that point the detective again reads the petitioner his rights which he waives and goes on to make incriminating statements.

Once an accused who is in custody "expresse [s] his desire to deal with the police only through counsel," he shall not be "subject to *further interrogation* by the authorities until counsel has been made available to him, unless the accused himself initiates further communication, exchanges, or conversations with the police." *Edwards v. Arizona,* 451 U.S. 477, 484–85, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981).   *United States v. Jackson,* 852 F.3d 764, 770 (8th Cir. 2017)

In this case, because of the taped interview of the Petitioner on April 16, 2014 (Government's Exhibit #6) it appears that the Petitioner confirms that he was attempting to reinitiate contact with the officer. At one point during the initial dialog with the officer and before the signing of the rights form the Petitioner can appear to be heard to tell the officer that he "wants to help himself". Because of the tape it is very unlikely that the Petitioner's attorney would have been successful in suppressing the April 16 statement but even if he had been successful it would have made no difference in the outcome of the case.

Mr. Schisler was clear that the Government's case was strong with the first statement the

9

Petitioner made to the officer on the street when he identified the mother of the victim as his girlfriend and the child as "Boo Boo" which is the name the perpetrator uses on the video's consistently. He also testified that the Petitioner's girlfriend identified his voice on the video as did another witness. The victim's mother also would have testified that the Petitioner was alone with the victim when she had to take the other children to an appointment. Other witnesses put the Petitioner in possession of the phone during the time the videos were made and one of the video's showed the small finger on the perpetrator's hand to be deformed. The photo of the Petitioner's hand (Government's Exhibit #1) shows and identical deformity. The court agrees that the Government's evidence against the Petitioner was overwhelming even without the disputed statement and as a result there is no reasonable probability that the outcome of the case would have been different if the disputed evidence had been suppressed. See *Morales v. Ault*, 476 F.3d 545 (8th Cir.2007) (citing *Odem v. Hopkins*, 382 F.3d 846, 851 (8th Cir.2004)).

### Ground Three: Failure to file Motion of Multiplicity's (sic) Counts

The Petitioner contends that his attorney was ineffective for his "Failure to file Motion of Multiplicity's Counts 4 counts on the same statute". (Doc. 38, p. 6)

This issue was appealed to the Eighth Circuit Court of Appeal which affirmed the District Court Judgment. See United States v. Sholds, Id.

**Ground Five:   Mental Capacity**

While not raised in his 2255 petition, the Petitioner contended in his hearing that he mental competency to assist in his defense and to plea should have been questioned by his attorney.

To be constitutionally valid, a guilty plea must be knowing, voluntary, and intelligent,

10

and because a guilty plea constitutes a waiver of various constitutional rights, it must be made with sufficient awareness of relevant circumstances and likely consequences. *See, e.g., United States v. Martinez-Cruz*, 186 F.3d 1102, 1104 (8th Cir. 1999). At the same time, an accused's representations during plea-taking, such as those concerning the voluntariness of the plea, carry a strong presumption of veracity. *Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997).

The Government introduced the transcript from the change of plea hearing. (Government's Exhibit #3). At the hearing the Petitioner, in response to the court's question about mental illness, stated:

> Defendant: It's quite extensive, your Honor. I tried to commit suicide on a few different occasions, been in mental institution, I was evaluated during my first stay, my state sentence 12 years ago.   I've been treated for mental health issues since I was 10, 11 years old.   I've had counselors in and out of my life since I was a young kid.   I can't tell you everything, your Honor, because some it goes back even further than I have election of (sic).   My mom has got more information as far as, regarding that situation."
>
> Court:   All right.   Do you believe that you understand what is going on today?
>
> Defendant: Yes, your Honor, I do believe I understand what is going on.
>
> Court: Mr. Schisler, do you believe that any of the defendant's prior history of treatment of mental illness impairs his ability to understand, A, what is going on today or, B, what he is proposing to do in terms of changing his plea from not guilty to guilty in this case?
>
> Schisler: No, your Honor. (Government's Exhibit #3, pp. 3-4)

The Petitioner's testimony at the hearing was basically what he related to the court at the change of plea hearing. Mr. Schisler testified that he was aware of his clients reported mental history. He had requested that his mother supply him with any mental health records but she

never produced any. The court notes also that no mental health documents were introduced in court and the court allowed the record to remain open for the introduction of any relevant mental health documents. No metal health records were ever produced.

Mr. Schisler also testified that he had numerous conversations and meeting with his client, and that his client was active in participating in his defense. He never had difficulty communicating with the Petitioner nor did he exhibit any tendencies to show that he could not participate in his defense or that he did not understand the charge. Mr. Schisler testified that the Petitioner was worried about his sentence and wanted to do his time in federal custody.   Mr. Schisler negotiate an agreement with a sentencing guideline range and which provided that his state sentence would be concurrent with his federal sentence. The agreement also allowed the Petitioner to do his time in federal custody rather than state custody. (See Government's Exhibit #7). Mr. Schisler testified that his client understood the agreement and wanted to plea.

The Petitioner signed a Plea Agreement (Government's Exhibit #2) which provided that he had fully discussed the facts of the case with his attorney, that he was fully satisfied with the legal services provided by his attorney, and that he was entering his plea freely, voluntarily, and without reservation and that his guilty plea was not the result of threats or coercion. (Id., p. 13). He also affirmed the above at his change of plea hearing. (Government's Exhibit #3).

The Petitioner's representations made during the plea process that he understood the charges, the penalty, that he was satisfied with his attorney, and that he was entering his plea freely and that no threats had been made against him (See Government's Exhibit #2 and #3) carry a strong presumption of veracity. *Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997). The Petitioner has put forth no evidence to substantiate his claim that his plea was not

12

knowingly, intelligently, and freely given.

**B.   Alleged Court Error**

**Ground Four: Abuse of Discretion by the Court**

The Petitioner contended that the court abused its discretion in its sentence, however, this issue was appealed, and the Eighth Circuit affirmed the District Court sentence. See <u>United States v. Sholds</u>, Id.

### III. Conclusion

Based upon the forgoing I recommend that the instant motion, filed under 28 U.S.C. §2255 be dismissed with prejudice.

**The parties have fourteen days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. Section 636(b)(1).   The failure to file timely written objections may result in waiver of the right to appeal questions of fact.   The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

_/s/ J. Marschewski_
James R. Marschewski
United States Magistrate Judge

13

**UNITED STATES OF AMERICA**                     **PLAINTIFF/RESPONDENT**

    **V.**                                    **No. 14-50035**

**SCOTT SHOLDS**                                 **DEFENDANT/PETITIONER**


**Court's Exhibit #1**

Summary of Relevant parts of the Evidentiary Hearing

At the Evidentiary Hearing Scott Sholds and Jack Schisler testified in relevant part as follows:

**A. Scott Sholds:**

Direct Examination: I was stopped by the Fayetteville Police Department (FPD) on April 14, 2014.   They advised me of my rights and then they took me down to the police department. I told them at a certain point that I wanted a lawyer. (R. 2:44). They stopped questioning me for 20 minutes then they came back in room and started questioning me again. (R: 3:19). I told them a second time I wanted an attorney. I said to them "what don't you understand, I want an attorney". (R: 4:07).   The questioning stopped at that point and I was taken to Washington County Jail (R: 4:17).   I went from the sally port to suicide cell in a suicide smock with no blanket and no mattress in the middle of winter. (R: 5:01). I asked to make a phone call but an officer stated I was being held for further questioning. (R: 5:29).   Early in the morning the investigating officer came into my cell with approximately four officers, taking pictures of me and questioning me again. I again stated that I wanted an attorney and they left the room. R: 6:07.   Later, between noon and 2:00 PM, I was driven back to the police department again. R: 6:45. The officers sat me down and said they wanted to question me again and read me my

14

rights. No lawyer was ever appointed. R: 7:23. I could not initiate contact with the officers

because he was on suicide watch and was not allowed any contact. R: 7:46. I was appointed an

attorney at my initial arraignment in state court. Mr. Schisler told him he should have kept his

mouth shut. R: 8:39. I asked his attorney to file a suppression of statement motion and he said it

would do no good. R: 8:50. I saw Mr. Schisler quite a few times and spoke to him on the phone a

number of times. I initiated a motion to relieve counsel on two differed occasions due to the

lawyer not doing anything I asked him to do. R: 9:29. 1  I asked my attorney to file a motion to

suppress several times and he never did. R: 9:35. Since a young age I suffered with ADE and

ADHD, I was on many medications and struggled throughout school. R: 10:19. I tried suicide as

a teen. R: 10:45. I was diagnosed with high anxiety, high depression, borderline schizophrenic

and borderline personality disorder. R: 11:36. I did discuss with the federal public defender that I

suffered mental issues. R: 13:53. I did not ask the attorney to file any motion to have me

examined. R: 14:07.

Cross Examination: I received the police statements and interrogation videos and

reviewed them. R: 18:30. I did tell my attorney that I was high when the video was made. R:

20:40.

I remember an officer approaching me on the street and he Mirandized my straightaway. R:

21:14. I told him I had no idea what he was talking about with regard to video of child

pornography. I don't believe that I took this video and I clearly stated that in my interrogations.

R: 21:37. I am not going to answer the question concerning whether I am guilty. R: 21:52. I do

not remember telling d the officer that initially arrested me that I was living with Courtney

---

1 The federal court record does not contain any motions to relieve counsel by the Defendant.

Baxter or the names of the children. R: 23:24. After I was arrested I was transported to the

Fayetteville Police Department. R: 24:04. I sat in an interview room, a detective came in and

Mirandized me. R: 24:43. I denied all conduct at some point I asked to speak with a lawyer. R:

25:20. The questioning stopped and later another officer came in. It was five years ago and I

don't remember those interviews and the video's that were provided to me of the interviews did

not play. R: 26:04. I do not remember telling the second officer that I wanted to speak with him

or that I would sign a Miranda waiver to speak with him. R: 27:38. A lot of the first day was

pretty fuzzy because I was high on meth- amphetamine. R: 28:07. On the first day I never

admitted raping a minor. R: 28:46. There was an interview and picture taking inside the jail. R:

29:22. I have a number of prior convictions but have never been found not guilty by reason of

insanity. R: 34:43.

     Redirect Examination: nothing

     Recross Examination: I did plea guilty in state court to rape after the federal case and

received a forty-year sentence. R: 37:52

     Court Examination:   When I was initially mirandized by the patrol officer I did not make

any request for an attorney. R: 38:56. I do remember another officer coming.   Within a few

minutes I was transported to the police department. R: 40:51. After my return to the police

department from jail I was not informed about a search warrant until after the interrogation was

done. R: 49:04. I don't remember telling the detectives that I still wanted to speak to them

without an attorney. R: 49:29. I went to the state court a couple of days after the last

interrogation. R: 51:40. I was appointed an attorney at that time. R: 52:16. If my attorney had

filed a motion to suppress and it had been granted I do not know if I would have still wanted to

go to trial. R: 54:02 I never viewed any of the actual evidence that was against me. R: 55:06.

## B.   Jack Schisler (R: 55:06)

I was assigned to defend Mr. Sholds in the spring of 2014.   At some point when the Defendant was in the interview room he did state that he wanted an attorney. R: 57:31. The Defendant did not go into much detail regarding his statement when I was talking to him. We went over to the jail to play all of the tapes for him and Mr. Sholds declined to listen to his statements and said he did not want to hear them because he remembered what he had said. R: 58:19 I reviewed all of the tapes. At one point he used the term "I'm done" and then he stated, "I want an attorney." Today is the first time I have heard anything about being interviewed in his jail cell. R: 59:09. Mr. Sholds never asked me to file a motion to suppress we discussed his statement. R: 59:55 The way I remember (2nd day interview) when he is brought over for the swabs and photographs and the officer offers to show it to him prior to doing the photographs and the swabs. Mr. Sholds is asking questions and the officer is stating that he cannot talk to him because he has invoked his rights. R: 1:01:25. The officer then says that he heard that he wanted to talk to him but he cannot talk to him unless he waives his rights. It is on the video tape. R: 1:01:37. I reviewed the pre-trial service report which reflected a history of mental illness. R: 1:02:28. The final report had more mental health history in it than the initial report.   R: 1:03:12. I did not see his mental health issues as a defense to the charges but as sentence mitigation. R: 1:04:06 There was no reason to think he was incompetent. Mr. Sholds was able to understand the nature of his charge and assist in his defense without any trouble at al. R: 1:05:25   Insanity is extremely difficult to prove.   You lose confidentiality and he had requested his mother to google mental health issues. I did contact his mother to get his mental health records, but she did not,

17

and I did not subpoena them. R: 1:07:31

      Cross Examination: After meeting and representing Mr. Sholds I had no concerns that he did not understand the proceedings or could assist in his defense.   R: 1:12:43 He did provide information to assist in his defense.   He talked about his methamphetamine use and that initially he thought he was having sex with the child's mother. R: 1:13:12. I reviewed the recordings of the two-year-old. You can hear Mr. Sholds talking throughout all of the videos. He refers to the individual he is having sex with as "Boo" which is the nickname of the two year old. The way the videos are taken are focused on the sexual act not all over the rooms.   R: 1:15:45 The videos were damning evidence. A frame had a picture of his deformed pinky finger.   His voice was also distinctive for northwest Arkansas. R: 1:15:40 Witnesses did identify Mr. Sholds' voice on the videos and when I reviewed the videos I had no doubt that it was Mr. Sholds' voice on the videos. I was convinced that a jury would conclude that it was the Defendant's voice on the videos and that was something that Mr. Sholds and I discussed.   R: 1:18:18 The answers Mr. Sholds gave to the officer at the first Mirandized statement, coupled with the videos to establish a very strong case for the government. R: 1:19:22 The statement he made on the street where he identified the mother of the victim, identified the children, speaking with his distinctive voice. The government also had evidence that he was in custody of the minor victim at the time of the offense. R: 1:22:57 Without the acceptance of responsibility deduction his guideline range would have been life. R: 1:25:32 Mr. Sholds was an active client. R: 29:35. Mr. Sholds never questioned me on why do you want me to plea. His issue was focused on the least amount of time he could get. R: 1:30:30. When I go over a plea agreement I go over every paragraph and answer any questions. Mr. Sholds never had a question on why no motion to suppress or motion

July 22 2019 p30

Appellate Case: 19-2538   Page: 30   Date Filed: 07/23/2019 Entry ID: 4811079

for mental evaluation was filed. R: 1:31:35. Between the change of plea and sentencing date he never questioned any defense strategy.   He was only anxious over the sentence he would receive. R: 1:35:10 Today is the first I ever heard that the officers talked him in his cell it is not documented anywhere in the discovery.   R: 1:36:40. Government's Exhibit 5 and 6 are two compact disc containing various interviews he gave to the police. R: 1:37:21. (Playing DVD 14:14 -12:20(Roadside Interview)) R:1:40:30 There was nothing suppressible about that statement. He identifies the mother of the victim and identifies the two-year-old by name. That name is the same name as the nickname that the individual recording the rape uses. R: 1:40:01. Mr. Sholds is arrested on the scene and transported to the Fayetteville Police Department. Mr. Sholds is Mirandized and makes a statement but denies all criminal conduct. R: 1:41:55. He makes no statement at the station that is incriminating but the street statement was harmful. (playing DVD 28:24-26:30) About 10 minutes later Detective Allen comes back in.   (Playing DVD 19:14) R: 1:51:06 Sholds waives his right to an attorney by my count about three times. R: 1:51:36. Detective O'Dell will come back in and they have another question and answer session and eventually Mr. Sholds says, "take me to jail". R: 1:53:29. That day he never gave any statement that was helpful to the government. At the end of day one, other than the roadside statement, there is nothing useful to the government in his statements. R: 1:54:43 He was brought back on day two and he is in a jail uniform. (Playing DVD 50:47). I reviewed the statement. Detective Allen comes in and introduces himself and states that Mr. Sholds reached out to him the night before, after he invoked his right to an attorney, and that he wanted to talk more. R: 1:38:36 Mr. Sholds acknowledges that and says that he wants to help him and help himself. He is again waiving his right to counsel and agreeing to talk to the police. R: 1:58:53

19

Appellate Case: 19-2538   Page: 31   Date Filed: 07/23/2019 Entry ID: 4811079

The Detective then goes over his Miranda rights again and has Mr. Sholds read a portion to make sure he can read.   R: 1:59:13 I saw no evidence of threats or coercion. He never made any statement that he was coerced the night before in the county jail or that anyone is forcing him to make a statement. R: 1:59:56 In going over the form he told the detective that he was not being threatened or coerced. From this point on he makes substantial admissions. He contended the mother of the victim was involved.   It is my opinion that the statement could not be suppressed. R: 2:01:25 Even if this portion of the interview did not exist the government's case was very strong. My recommendation was for Mr. Sholds to plead guilty, so he could get a guideline range. R: 2:02:56 In the State court proceeding, after the federal sentencing, Mr. Sholds plead guilty to three counts of rape. He received 480 months to run concurrent with the federal sentence.

List of Government Exhibits:

1. Picture of Petitioner's deformed hand

2. Plea Agreement (Doc.16)

3. Transcript of Change of Plea (Doc. 34)

4. Transcript of Sentencing Hearing

5. DVD of Interviews on April 15, 2014

6. DVD of Interviews on April 16, 2014

7. Sentencing Order from Washington County Circuit Court

July 22 2019 p32

Appellate Case: 19-2538   Page: 32   Date Filed: 07/23/2019 Entry ID: 4811079

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                    PLAINTIFF/RESPONDENT

V.                          CASE NO. 5:14-CR-50035

SCOTT SHOLDS                              DEFENDANT/PETITIONER

### MEMORANDUM OPINION AND ORDER

Currently before the Court is the Report and Recommendation ("R&R") (Doc. 67) of the Honorable James R. Marschewski, United States Magistrate Judge for the Western District of Arkansas, filed in this case on January 31, 2019. The Magistrate Judge recommends dismissal of Petitioner Scott Sholds's Motion to Vacate, Set Aside or Correct a Sentence pursuant to 28 U.S.C. § 2255. In his objections (Doc. 70), Sholds argues that the Magistrate Judge erred in determining that Sholds's production of four separate videos of child pornography constituted four separate offenses instead of a "continuing offense" that occurred "in rapid succession." (Doc. 70 at 1). Sholds also objects to the Magistrate Judge's finding that attorney John Schisler was not ineffective when he failed to file a "motion of multiplicity counts" and a motion to suppress a statement that Sholds made to investigators, allegedly in violation of his *Miranda* rights. Finally, Sholds argues that the Court abused its discretion in imposing a particular condition of supervised release. *Id.* at 2-3.

In light of the objections to the R&R, the Court has undertaken a *de novo* review of the record, and after doing so, finds that the objections offer neither fact nor law

1

justifying deviating from the Magistrate Judge's recommendation.  Accordingly, the R&R will be **ADOPTED IN ITS ENTIRETY**.

## I.      OBJECTIONS 1 AND 3

In Sholds' first and third objections, he contends that his attorney was ineffective because he failed to object to the Indictment's four separate counts of production of child pornography.  On direct appeal, the Eighth Circuit held that "Sholds committed four separate offenses when he decided to create four video recordings. It was not unreasonable for the court to hold Sholds accountable for that choice by sentencing him within the greater statutory maximum allowed by the four convictions." *United States v. Sholds*, 827 F.3d 758, 760 (8th Cir. 2016).  "It is well settled that claims which were raised and decided on direct appeal cannot be relitigated on a motion to vacate pursuant to 28 U.S.C. § 2255."  *United States v. Shabazz*, 657 F.2d 189, 190 (8th Cir. 1981). Accordingly, Objections 1 and 3 are **OVERRULED**.

## II.      OBJECTION 2

In his second objection, Sholds contends his attorney was ineffective because he failed to file a motion to suppress a statement that Sholds made to law enforcement that allegedly violated his *Miranda* rights. (Doc. 70 at 5).  To successfully assert a claim for ineffective assistance of counsel, a petitioner must meet both components of the two-part test found in *Strickland v.* Washington, 466 U.S. 668, 687 (1984).  The petitioner must first demonstrate that "counsel's performance was deficient." *Id.*  Second, the petitioner "must show the deficient performance prejudiced the defense." *Id.*  Failure to file a motion to suppress "what is essentially the only evidence against a Petitioner can be sufficient to

2

establish a lack of diligence on the part of the attorney if the motion would have succeeded." *United States v. Johnson*, 707 F.2d 317, 320 (8th Cir. 1983).

Here, Sholds explains that during an early interaction with law enforcement around the time of his arrest, "[w]hen the Petitioner requested an attorney, *Miranda* was invoked and an attorney should have been provided to consult with him." (Doc. 70 at 2). He argues that counsel's failure to move to suppress these statements to law enforcement constitute ineffective assistance of counsel. *Id.* at 2. The Magistrate Judge points to the fact that Sholds attempted "to reinitiate contact with the officer," an act that would have permitted police to resume questioning Sholds. (Doc. 67 at 9). Sholds objects to this characterization of his interview with police and maintains that he did not reinitiate contact with officers. (Doc. 70 at 1).

Sholds's claim for ineffective assistance of counsel cannot succeed without him demonstrating that the alleged deficient performance would have actually prejudiced him. *Strickland*, 466 U.S. at 687. Even operating under the assumption that Mr. Schisler's failure to file a motion to suppress Sholds's statements was "deficient," there is nothing in the record to suggest that this lack of action actually prejudiced Sholds's decision to plead guilty. Even without the statement in question, the Government still had a considerable amount of independent evidence sufficient to convict Sholds. For example, the four videos of child pornography that were the subject of the Indictment featured a male voice with a northern accent, which several witnesses identified as Sholds's voice. (Doc. 67 at 18; Doc. 22 at 5). Further, Sholds's distinctly deformed finger appeared in at least one of the videos. *Id.* The child victim's mother placed Sholds with the victim at the time the videos were created, and the male voice in the videos used the child's nickname. (Doc.

3

67 at 18).  Mr. Schisler referred to all this evidence as "damning" and "was convinced a jury would conclude it was the Defendant's voice on the videos and that was something Mr. Sholds and I discussed." *Id.*

Accordingly, as Sholds has failed to meet the two-part *Strickland* test for ineffective assistance, Objection 2 is **OVERRULED**.

### III.    OBJECTION 4

In his fourth objection, Sholds argues that the special condition imposed by the Court limiting his internet, computer, and electronic device usage while on supervised release "is overly restrictive" because "the Petitioner never used the internet in the commission of the offense." (Doc. 70 at 3).  Sholds believes the Court abused its discretion in imposing the internet restriction as part of the sentence.  However, when Sholds directly appealed his sentence to the Eighth Circuit, he failed to raise the issue of the appropriateness of this particular condition of supervised release.  A defendant who fails to raise a claim that could have been raised on direct appeal is procedurally defaulted from raising the claim in a collateral attack pursuant to § 2255. *Matthews v. United States*, 114 F.3d 112, 113 (8thh Cir. 1997).  "This procedural default may be excused only if the petitioner 'can show both (1) a cause that excuses the default, and (2) actual prejudice from the errors that are asserted.'" *Id.* (quoting *United States v. Frady*, 456 U.S. 152, 167-68 (1982)).

In the Motion to Vacate (Doc. 38 at 8) and in Objection 4 to the R&R, Sholds argues that the Court's imposition of the internet restriction as a special condition of supervised release is unconstitutional.  However, he fails to state any cause that would excuse his failure to raise this objection on direct appeal, and he also fails to explain what actual

July 22 2019 p36
Appellate Case: 19-2538    Page: 36    Date Filed: 07/23/2019  Entry ID: 4811079

prejudice he would suffer if this condition were imposed.  He simply cites to the condition and maintains it should not apply to him in light of the nature of his particular crimes.  The Court finds that this objection was procedurally defaulted, and it should be overruled on that basis alone.

However, even if the Court were to address the objection on the merits, Sholds would not be entitled to relief.  Sholds was convicted of conduct that extended far beyond simple possession of child pornography.  He pleaded guilty to four counts of production of child pornography and one count of possession.  (Doc. 16).  He produced videos of child pornography on an electronic device:  a cell phone.  He also possessed still images of child pornography on that device.  A district court has broad discretion to order special conditions of supervised release if each condition:  1) is reasonably related to the sentencing factors set forth in 18 U.S.C. § 3553(a); 2) involves no greater deprivation of liberty than is reasonably necessary for the purposes set forth in § 3553(a); and 3) is consistent with any pertinent policy statements issued by the Sentencing Commission. *United States v. Bender*, 566 F.3d 748, 751 (8th Cir. 2009) (quotation and citation omitted).  Here, the Court finds that a special condition restricting Sholds's access to the internet, computers, and electronic devices, except "for purposes of employment," (Doc. 35 at 81), is reasonably related to the offense conduct and is not overly restrictive.

For all these reasons, Objection 4 is **OVERRULED**.

## IV.    CONCLUSION

**IT IS THEREFORE ORDERED** that all of Sholds's objections to the R&R are **OVERRULED**. The R&R (Doc. 67) is **ADOPTED IN ITS ENTIRETY**, and Petitioner's

5

Motion to Vacate, Set Aside or Correct a Sentence pursuant to 28 U.S.C. § 2255 (Doc. 38) is **DISMISSED WITH PREJUDICE**.

 **IT IS FURTHER ORDERED** that the Motion to Withdraw (Doc. 68) is **GRANTED**, and attorney Patrick F. Flake is **WITHDRAWN** from the case.

 **IT IS SO ORDERED** on this _29th_ day of April, 2019.

        _____

        TIMOTHY L. BROOKS
        UNITED STATES DISTRICT JUDGE

July 22 2019 p38
Appellate Case: 19-2538   Page: 38   Date Filed: 07/23/2019 Entry ID: 4811079

```
MIME-Version:1.0
From:NEF@arwd.uscourts.gov
To:NEF@localhost.localdomain
Bcc:
--Case Participants: C. Eldridge (karen.s.gentry@usdoj.gov, kenny.elser@usdoj.gov),
Patrick F. Flake (patrick.flake@yahoo.com), Dustin S. Roberts (caseview.ecf@usdoj.gov,
dustin.roberts@usdoj.gov, nicole.m.times@usdoj.gov), John B. Schisler
(jack_schisler@fd.org, rachel_goodpaster@fd.org, rose_riggs@fd.org), Honorable Timothy L.
Brooks (tlbinfo@arwd.uscourts.gov)
--Non Case Participants: Chambers - TLBinfo@arwd.uscourts.gov (tlbinfo@arwd.uscourts.gov),
USPO - Presentence (nef_presentence@arwp.uscourts.gov), USPO -- Western Arkansas
(cmecf@arwp.uscourts.gov)
--No Notice Sent:

Message-Id:1784574@arwd.uscourts.gov
Subject:Activity in Case 5:14-cr-50035-TLB USA v. Sholds Order on Motion for Extension of
Time
Content-Type: text/html
```

## U. S. District Court

### Western District of Arkansas

**Notice of Electronic Filing**

The following transaction was entered on 5/16/2019 at 12:42 PM CDT and filed on 5/16/2019

| | |
|---|---|
| **Case Name:** | USA v. Sholds |
| **Case Number:** | 5:14−cr−50035−TLB |
| **Filer:** | |
| **Document Number:** | 74(No document attached) |

**Docket Text:**
**TEXT ONLY ORDER granting [73] Motion for Extension of Time to File Notice of Appeal as to Scott Sholds (1). Sholds is granted a two−week extension of time to file a notice of appeal. Signed by Honorable Timothy L. Brooks on May 16, 2019. (cc via CM/ECF: U.S. Probation Office, U.S. Marshals Service) (ee)**

**5:14−cr−50035−TLB−1 Notice has been electronically mailed to:**

John B. Schisler     jack_schisler@fd.org, rachel_goodpaster@fd.org, rose_riggs@fd.org

Patrick F. Flake (Terminated)     patrick.flake@yahoo.com

Dustin S. Roberts     Dustin.Roberts@usdoj.gov, CaseView.ECF@usdoj.gov, Nicole.M.Times@usdoj.gov

C. Eldridge     kenny.elser@usdoj.gov, Karen.S.Gentry@usdoj.gov

**5:14−cr−50035−TLB−1 Notice has been delivered by other means to:**

Scott Sholds(Terminated)
12253−010
U.S.P. Tucson Arizona

P.O. Box 24550
Tucson, AZ 85734

```
MIME-Version:1.0
From:NEF@arwd.uscourts.gov
To:NEF@localhost.localdomain
Bcc:
--Case Participants: C. Eldridge (karen.s.gentry@usdoj.gov, kenny.elser@usdoj.gov),
Patrick F. Flake (patrick.flake@yahoo.com), Dustin S. Roberts (caseview.ecf@usdoj.gov,
dustin.roberts@usdoj.gov, nicole.m.times@usdoj.gov), John B. Schisler
(jack_schisler@fd.org, rachel_goodpaster@fd.org, rose_riggs@fd.org), Honorable Timothy L.
Brooks (tlbinfo@arwd.uscourts.gov)
--Non Case Participants: Chambers - TLBinfo@arwd.uscourts.gov (tlbinfo@arwd.uscourts.gov),
USPO - Presentence (nef_presentence@arwp.uscourts.gov), USPO -- Western Arkansas
(cmecf@arwp.uscourts.gov)
--No Notice Sent:

Message-Id:1797938@arwd.uscourts.gov
Subject:Activity in Case 5:14-cr-50035-TLB USA v. Sholds Order on Motion for Extension of
Time
Content-Type: text/html
```

## U. S. District Court

### Western District of Arkansas

**Notice of Electronic Filing**


The following transaction was entered on 6/25/2019 at 10:45 AM CDT and filed on 6/25/2019

| | |
|---|---|
| **Case Name:** | USA v. Sholds |
| **Case Number:** | 5:14–cr–50035–TLB |
| **Filer:** | |
| **Document Number:** | 77(No document attached) |

**Docket Text:**
 **TEXT ONLY ORDER granting [76] Motion for Extension of Time to File Notice of Appeal as to
Scott Sholds (1). The deadline to file a notice of appeal is now July 1, 2019, as requested in
the motion. No further extensions of time will be granted absent extraordinary good cause
shown. Signed by Honorable Timothy L. Brooks on June 25, 2019. (cc via CM/ECF: U.S.
Probation Office, U.S. Marshals Service) (ee)**


**5:14–cr–50035–TLB–1 Notice has been electronically mailed to:**

John B. Schisler    jack_schisler@fd.org, rachel_goodpaster@fd.org, rose_riggs@fd.org

Patrick F. Flake (Terminated)    patrick.flake@yahoo.com

Dustin S. Roberts    Dustin.Roberts@usdoj.gov, CaseView.ECF@usdoj.gov, Nicole.M.Times@usdoj.gov

C. Eldridge    kenny.elser@usdoj.gov, Karen.S.Gentry@usdoj.gov

**5:14–cr–50035–TLB–1 Notice has been delivered by other means to:**

Scott Sholds(Terminated)
12253–010

TERRE HAUTE–USP
U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

①

Motion to Appeal

U.S. District Court
Western District of Arkansas

US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

JUL 1 9 2019

DOUGLAS F. YOUNG, Clerk
By
Deputy Clerk

United State of America
v
Scott Sholds

Case No. 14-50035

To the Honorable Courts. Mr Sholds
is filing this Notice as appeal on his
behalf. On the Evidentiary Hearing
and Conclusion of this Honorable Court.

On Jan. 31, 2019 there was a
Conclusion filed on Case No. 5-14-cr-500
35-TLB Document 67 Page ID#407.
A motion for Ineffective Assistance
of Counsel. Mr. Sholds is asking the
Court of Appeals to review the
decision made by the Honorable
Court because the Court based its
decision Outside of the Scope of
the Courts decision.



① Because the Court refused the defendant his Constitutional Rights.

② Used evidence not submitted or used in the Court.

③ And the Inconsistancies of the Counsels testamony

④ Did not look at evidence.

    Therefor Mr. Sholds is filing this Notice of Appeal. Mr. Sholds is not a professional and does not have any schooling or training in Law and asks the Court for at least a 90 day period to research and file brief to why Mr. Sholds is seek the Appeal and under what claims.

    Everything in this writing is true and correct.

Filing are Sent out on June 30.
2019

Scott Sholds

Scott Sholds # 12253-010
U.S.P. Terre Haute
P.O. Box 33
Terre Haute IN

Scotts holds #12253 016

U.S. Department of Justice

Federal Bureau of Prisons

Federal Correctional Complex

4700 Bureau Road South
Terre Haute, IN 47802

12253-016 →

UNITED STATES DISTRICT COURT
OFFICE OF THE CLERK
35 E MOUNTAIN, ROOM 510
FAYETTEVILLE, ARKANSAS 72701

OFFICIAL BUSINESS

72701-535335

INDIANAPOLIS IN 460

15 JUL 2019  PM 2 L

Received WD/AR

JUL 1 9 2019

U.S. Clerk's Office

6/30/19

# U.S. COURT OF APPEALS - EIGHTH CIRCUIT
## NOA SUPPLEMENT

Please note any additions or deletions to the style of the case from the style listed on the docket sheet or attach an amended docket sheet with the final style of the case.

Western District of Arkansas  -   FAYETTEVILLE DIVISION

**14-50035, USA v. SCOTT SHOLDS**

Length of Trial: N/A

Financial Status:    Fee Paid?                                    Yes              No  XX

            If NO, has IFP been granted?        Yes     XX     No

            Is there a pending motion for IFP?   Yes              No  XX

Are there any other post-judgment motions?      Yes              No  XX

Please identify the court reporter.

        If no court reporter, please check

        Name          **Debbie Maddox**
        Address       30 South 6th Street
                      Fort Smith, AR 72901
Telephone Number   479-783-7045

**CRIMINAL CASES ONLY:**
        Is the defendant incarcerated?        Yes  **XX**       No
Place of confinement, if known:

Scott Sholds 12253-010
USP Terre Haute
P.O. Box 33
Terre Haute, IN 47802

Please list all other defendants in this case, if there were multiple defendants.

SPECIAL COMMENTS: